UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | )   | |
|---|---|---|
| ANGELA R. HUFF, Individually and as Executrix of the Estate of David W. Huff | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 5:18-cv-00469-GFVT |
| V. | ) ) ) | **MEMORANDUM OPINION & ORDER** |
| AGCO CORPORATION, *et al.*, | ) ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

# I

The Plaintiff, Angela Huff, originally filed an action in state court against AGCO and Cargill for claims relating to the death of her husband. [R. 18 at 1.] Since complete diversity existed, the Defendants removed the case to federal court. *Id.* at 2. But Huff amended her complaint to add a nondiverse defendant, Southern States, and sought remand. *Id.* The Defendants objected that the joinder of Southern States was fraudulent. *Id.* at 3. Judge Caldwell disagreed and remand was granted. *Id.*

So, the case found itself again proceeding in state court. *Id.* Shortly thereafter, the state court dismissed the claim against Southern States in a non-final judgment. *Id.* The Defendants allege that this dismissal restored federal jurisdiction. [R. 25.] As a rule, however, involuntary dismissal does not reestablish federal jurisdiction. [R. 18.] Nonetheless, the Defendants believe that two exceptions to that bar on removal apply to this case: fraudulent joinder and voluntary action rule. [R. 25.] They are wrong. As a result, Huff's motion for remand [R. 18] is

**GRANTED**.  Because this ruling involved application of unsettled law, Huff's request for attorney fees [R. 18] is **DENIED**.

II

A

A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. §§ 1441, 1446.  This Court has original "diversity" jurisdiction over all civil actions when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

Complete diversity can be restored if a plaintiff voluntarily dismisses all the non-diverse parties. *Newton v. United Coal Co., LLC*, 2011 WL 2534323, *2 (E.D. Ky. 2011).  After the non-diverse parties are voluntarily dismissed, the remaining defendants can remove to federal court. *Id.*  However, if the non-diverse defendant is involuntarily dismissed, then the case is not usually removable. *Wiacek v. Equitable Life Assur. Soc'y of U.S.*, 795 F.Supp. 223, 225 (E.D. Mich. 1992).

The distinction between voluntary and involuntary dismissals is not one without a difference.  With an involuntary dismissal, complete diversity may be only illusory if the appeals court reverses the trial court's dismissal.  *Newton*, 2011 WL 2534323 at 2.  As a result, jurisdiction could be destroyed at any time.  *Id.*  But no such fear exists with a voluntary dismissal because the plaintiff has terminated her pursuit of the non-diverse defendant. Regardless, exceptions to this rule exist.  The Defendants believe two such exceptions apply to

this case: (i) fraudulent joinder and (ii) voluntary conduct. [R. 25.] The Court explains, in turn, why both exceptions do not prevent remand.

Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006); *see also Cole*, 728 F. Supp. at 1307 (citations omitted).

**B**

Fraudulent joinder is a "judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. Am Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). This doctrine is used by courts "when the non-removing party joins a party against whom there is no colorable cause of action." *Saginaw Housing Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) (citing *Jerome-Duncan Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999)). This doctrine was created to prevent plaintiffs from asserting claims against nondiverse defendants "for the sole purpose of preventing removal." *McLeod v. Cities Serv. Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956). If Huff's claim has no hope of success, then the "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Saginaw Housing Com'n*, 579 F.3d at 624 (quoting *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

It remains unsettled what test this Court should use when the state court has dismissed the non-diverse party. Both parties present competing tests. The Defendants argue that the Court should "decide whether there is any reasonable possibility that the judgment of the circuit court ... will be reversed on appeal." *Lewis v. Armstrong Steel Erectors, Inc.*, 992 F.Supp 842, 844

(S.D. W.V. 1998) (quoting *Arthur,* 798 F.Supp. at 370); *see also Wiacek*, 795 F.Supp. at 225. Huff, instead, urges that the test should only ask whether there was a reasonable basis for predicting that state law might impose liability at the outset. *Hardy v. Ajax Magnathermic Corp.*, 122 F.Supp.2d 757, 760 (W.D. Ky. 2000). Huff's rule is preferable because it preserves judicial resources and is respectful of state courts.

Indeed, simple application of law-of-the-case to rulings on fraudulent joinder saves judicial resources and assists in the smooth administration of justice. Extension of this rule makes it unnecessary to revisit prior decisions unless a grave injustice will be done by not doing so. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988). And the remand standard, which resolves all differences in favor of remand, highlights the belief that state courts are equally able to administer justice. Certainly, only in exceptional circumstances would a defendant be prejudiced by litigating its case in state court. The Defendants have not articulated a compelling reason why this case is among those rare cases.

What is more, a ruling on whether Huff's joinder was fraudulent would improperly involve this Court in the pending state case. Especially, whereas here, this Court would be required to announce that Huff's claim against Southern States had zero merit before the Kentucky Court of Appeals has heard the case. Such a pronouncement improperly places a thumb on the scale and risks an inconsistent ruling if that court disagrees. Our abstention doctrines teach that this court should not unnecessarily interfere with a pending state case. *See Younger v. Harris*, 401 U.S. 37 (1971). This is one of those cases.

Here, Judge Caldwell determined at the outset of this case that the joinder of Southern States was not fraudulent. [R. 18 at 2-3.] Under the circumstances, this Court cannot and will not disturb that ruling.[1]

## C

A plaintiff's voluntary action can also make remand inappropriate. *Cowing v. Lockheed Martin Corp.*, 2016 WL 1271029, *2 (E.D. Ky. 2016). Typically, the plaintiff's voluntary action is their dismissal of the non-diverse defendants. But, a plaintiff's decision to voluntarily sever the claims of the diverse and nondiverse defendants can have the same effect as a voluntary dismissal. *Id.*

In *Cowing*, for example, the plaintiff requested that the draft judgment for the nondiverse defendant be made final and appealable. *Id.* But this change required a finding of severability between the claims by the state trial court—a determination that would not have been made but for the invitation of the plaintiff. *Id.* at *3. Thus, it was the plaintiff that "voluntarily abandon[ed] the joint character of his proceedings." *Id.* (citing *S. Pac. Co. v. Haight*, 126 F.2d 900, 904 (9th Cir. 1942)). Then, in seeking appeal of that final ruling, the plaintiff failed to name the diverse defendants as indispensable parties. *Id.* Together those two actions lead to the inexorable conclusion that the plaintiff's claims could be maintained in separate actions. *Id.*

Huff's case is not analogous. Yes, Huff has appealed[2] the state court's dismissal of her claim, but that decision was not final. Unlike *Cowing*, the state court has made no determination about the severability of the claims. *Id.* And if Huff succeeds on appeal, then her claims against

---

[1] In any event, Huff's case is not like those in which remand was denied. In each of those cases the plaintiff failed to vigorously prosecute their nondiverse state law claims. *See Hardy*, 122 F.Supp.2d at 760; *Wiacek*, 795 F.Supp. at 225. The plaintiffs' reluctance gave lie to their claims. Here, Huff has a pending appeal and appears to be prosecuting her claim to the furthest extent possible.
[2] Huff could not name the Defendants in her interlocutory appeal.

5

both diverse and nondiverse defendants will again proceed in tandem. Therefore, Huff has not taken a voluntary action that makes the case inappropriate for remand.

D

Huff has also requested an award of costs and attorney fees stemming from unsuitable removal pursuant to 28 U.S.C. § 1447. [R. 18.] Although this Court has ultimately concluded that remand is proper, the Court does not find that Defendants "lacked an objectively reasonable basis for seeking removal." *Powers v. Cottrell, Inc.*, 728 F.3d 509, 515 (6th Cir. 2013). Given the conflicting tests that exist for testing whether joinder was fraudulent, the Defendants had a reasonable basis for believing this Court had jurisdiction over the case. Therefore, this Court **DENIES** the Plaintiffs' Motion for Award of Costs and Attorney Fees. [R. 18.]

III

Accordingly, the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion **[R. 18]** is **GRANTED** as to **remand**;

2. This action is **REMANDED** in its entirety to the Mercer Circuit Court from which it was removed;

3. Plaintiff's Motion **[R. 18]** is **DENIED** as to costs and attorney fees; and

4. This matter is **STRICKEN** from the Court's active docket.

This the 13th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge